2006 BNH 037
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                          Bk. No. 04-10528-MWV
                                                                Chapter 7
Beacon Vision Incorporated,
          Debtor

Michael S. Askenaizer, Chapter 7 Trustee,
Brian D. Taylor and
Richard Cricenti,
          Plaintiffs

v.                                                              Adv. No. 05-1084-MWV

Michael A. Wyatt,
Weller Financial Resources, Inc.,
CSI/Stallings Group, LLC,
Christopher Stallings,
Larry Stallings,
Victoria Moate,
New Century Title Agency, LLC,
New Century Abstract and
Gordon Properties, Ltd.,
          Defendants

*J. Daniel Marr, Esq.*
*HAMBLETT & KERRIGAN*
*Attorney for Plaintiffs*

*Grenville Clark, Esq.*
*GRAY, WENDELL & CLARK, P.C.*
*Attorney for Defendants Michael A. Wyatt and*
*Weller Financial Resources, Inc.*

*Michael C. Palermo, Esq.*
*BOYLE, MORRISSEY & CAMPO, P.C.*
*Attorney for Defendants Victoria Moate, Stanley Moate,*
*New Century Title Agency, LLC, and New Century Abstract*

*Jennifer Rood, Esq.*
*BERNSTEIN SHUR*
*Attorney for Gordon Properties, Ltd.*

## MEMORANDUM OPINION

The Court has before it the Plaintiffs' motion to add Gary Gordon, Jill Taylor Gordon and Texas Gordon, LLC, as additional defendants pursuant to Federal Rule of Civil Procedure 19(a) (2006) and to add additional claims pursuant to Federal Rule of Civil Procedure 18(b). Defendant Gordon Properties, LLC, has objected to the motion, and the Court held a hearing on the motion on September 19, 2006.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

In the motion, the Plaintiffs seek to add three defendants: Gary Gordon, his wife, Jill Taylor Gordon, and Texas Gordon, LLC, and to add four new counts, Counts XV through XVIII. The Court has previously allowed the complaint to be amended once. For the reasons set out below, the Court grants the motion to add as a Defendant, Gary Gordon, and to add as a count, Count XV. The request to add additional defendants and additional counts is denied.

The Plaintiffs brought this motion as a result of information received from interrogatories recently answered by the Defendant, Gordon Properties, LLC. There is already pending a fraudulent conveyance count against Gordon Properties, LLC, and Count XV adds a defendant, Gary Gordon, as a beneficiary of this alleged fraudulent conveyance. Based on the fact that the original fraudulent conveyance action is pending against Gordon Properties, LLC, it is the Court's finding that the addition of Count XV against Gary Gordon as the alleged beneficiary of the fraudulent conveyance will not create an undue burden in completing discovery and timely having the case ready for trial. While trial is

currently set for October 11 through October 13, 2006, the Court has just approved a motion to enlarge the time for the Defendant, Gordon Properties, LLC, to reply to interrogatories recently proposed by the Plaintiffs to a date after the scheduled trial date. The case is presently not ready for trial, and the Court has, by separate order, continued the trial date and certain discovery deadlines. The Court believes that the addition of Defendant Gary Gordon and Count XV will not impede this new schedule.

The addition of the other defendants and causes of action, which are likely governed by Texas law, at this juncture, almost a year and a half after the filing of the initial complaint and over one year from the filing of the amended complaint, would complicate the bankruptcy issues and cause an extensive delay in trying the case, all to the detriment of the other Defendants. The Court finds that the addition of Jill Taylor Gordon and Texas Gordon, LLC, as defendants, is not required by either Federal Rules of Bankruptcy Procedure 7019 or 7020, nor is the addition of Counts XVI through XVIII required by Rule 7018. The issue of subsequent transfers made by Gary Gordon and whether Gary and Jill Taylor Gordon are the alter egos of Gordon Properties, LLC, are issues that do not arise out of the same facts and circumstances as the original complaint.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 4th day of October, 2006, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge